```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MELVIN HOLMES,**

                          **Petitioner,**

                v.                    CASE NO. 09-3151-SAC

**DAVID McKUNE,**
**et al.,**

                          **Respondents.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner has paid the filing fee. Mr. Holmes seeks to challenge his conviction by a jury in the District Court of Sedgwick County, Wichita, Kansas. Having considered the materials filed, the court finds as follows.

**FACTUAL BACKGROUND**

In March 1999, Holmes was charged with one count of first-degree murder in the shooting death of his girlfriend and one count of criminal possession of a firearm. On September 3, 1999, he filed a motion to suppress statements made during his interrogation and evidence gathered from a consent to search. The trial court held an evidentiary hearing and overruled the motion. On September 15, 1999, a jury convicted Holmes of both counts. He appealed, and on November 9, 2001, the Kansas Supreme Court reversed based upon the prosecutor's intentional misstatement during closing of the law

on premeditation. The case was remanded for new trial. State of Kansas v. Holmes, 272 Kan. 491, 33 P.3d 856 (Kan. 2001).

Prior to his second trial, Holmes filed a pro se motion to suppress. The court overruled the motion without an evidentiary hearing. The second jury convicted Holmes of both counts in November, 2002, and a hard 40 sentence was imposed for the murder. Petitioner appealed, and on December 17, 2004, the Kansas Supreme Court affirmed the convictions, but vacated the hard 40 sentence and remanded for resentencing. State of Kansas v. Holmes, 278 Kan. 603, 102 P.3d 406 (Kan. 2004). Petitioner filed a Motion for Reconsideration, which was denied March 1, 2005.

Petitioner was apparently re-sentenced on September 8, 2005, to "life imprisonment with no parole eligibility for 25 years". See State v. Holmes, 144 P.3d 758, *1, 2006 WL 3056732 (Kan. Oct. 27, 2006). He directly appealed, and the Kansas Supreme Court affirmed on October 27, 2006. He alleges that he filed a petition for certiorari in the United States Supreme Court, but it was "sent back without any explanation."

On October 22, 2007, petitioner filed a state post-conviction motion pursuant to K.S.A. 60-1507 in the trial court. The motion was denied, and he appealed. He states in his Petition that the appeal is pending and he believes is "to be heard this month" by the Kansas Court of Appeals (KCOA). On-line records now indicate that the district court's denial was affirmed by the KCOA on August 14, 2009. However, Mr. Holmes has not yet filed a Petition for Review in Appellate Case No. 100666.

**CLAIMS**

As ground one for this Petition, Mr. Holmes claims the trial court erred in failing to suppress evidence[1] obtained during the search of his home and his "alleged confession which followed." This claim was raised on direct appeal and in petitioner's motion for reconsideration. Petitioner alleges 60-1507 review is pending on this claim.

As ground two, petitioner claims the court erred in refusing to grant him an evidentiary hearing on his pro se motion to suppress filed prior to his second trial because the motion was different than that filed by his attorney and ruled on before his first trial. Petitioner does not answer the exhaustion questions regarding this ground as to whether he raised this claim on direct appeal or in a state post-conviction motion. He alleges that the 60-1507 motion raising this claim is still pending.

As ground three, petitioner claims the court erred in failing to conduct an evidentiary hearing on his motion for new trial claiming ineffective assistance of counsel. Petitioner responds "no" when asked on his form petition if he raised this claim on direct appeal or in post-conviction proceedings, but then alleges that he exhausted this issue in the highest court of the State.

As ground four, petitioner claims the "State of Kansas" intentionally and maliciously "overlooked" all the evidence

---

[1] However, petitioner does not describe any evidence that was seized during the search and admitted at trial.

strongly suggesting the shooting was accidental. This claim appears to be an assertion that the evidence of premeditation or intent was insufficient[2]. Petitioner alleges he raised this claim on direct appeal, in his motion for reconsideration, and again mentions his pending 60-1507 motion.

As ground five, petitioner claims prosecutorial misconduct and alleges in support that the prosecutor misled the jury and failed to disclose matters sought by defendant in discovery. He alleges he raised this claim on direct appeal, and in his pending 1507 proceedings.

As ground six, petitioner claims his confession was inadmissible because it was not full and correct, was not properly redacted, and the recording device was defective. This claim was raised on direct appeal.

As ground seven, petitioner claims ineffective assistance of trial counsel. He also claims ineffective assistance of appellate counsel. He presented the former claim on direct appeal. The latter claim was raised in his 1507 motion that is still pending.

As ground eight, petitioner claims the trial judge erred by not disqualifying himself from petitioner's second trial. He alleges this claim was not raised on direct appeal because his appellate counsel was ineffective and refused. He raised it in his

---

[2] Within his argument on this claim, petitioner suggests an alleged "Brady violation" occurred when an expert testified in his second trial that it took 19½ pounds of pressure to pull the trigger of the murder weapon. This would be a separate claim from insufficient evidence, and petitioner must show that he fully exhausted any claim of a Brady violation.

1507 motion.

As ground nine, petitioner claims a "Batson violation" and alleges in support that no blacks were allowed on his jury. He states that his lawyer refused to brief this issue on direct appeal. This claim was raised in his pending 1507 motion.

As ground ten, petitioner claims his actual innocence. He alleges his counsel refused to raise this claim on direct appeal, but he raised it in his currently pending 1507 motion.

**FAILURE TO EXHAUST**

Mr. Holmes states that several of his claims, including the "Batson violation", trial errors, prosecutorial misconduct, actual innocence, and ineffective assistance of appellate counsel are unexhausted. 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal

constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." <u>Dever v. Kansas State Penitentiary</u>, 36 F.3d 1531, 1534 (10th Cir. 1994).  As noted, on-line records show petitioner has not filed a Petition for Review in the Kansas Supreme Court in Case No. 100666.  It follows that he has not fully exhausted those claims raised only in his 1507 petition.  The court concludes that the instant Petition contains some exhausted and some unexhausted claims.

The United States Supreme Court held in <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982), that a federal district court "may not adjudicate mixed petitions for habeas corpus, that is petitions containing both exhausted and unexhausted claims."  Under <u>Rose</u> and 28 U.S.C. § 2254(b)(2), a district court faced with a mixed petition should either dismiss the entire petition without prejudice allowing the petitioner to return to state court to fully exhaust his state remedies, or permit the petitioner to amend his federal petition to present only the exhausted claims.  The court may also deny the entire petition, if it finds the claims are without merit.

**MOTION TO STAY**

Petitioner seeks another alternative.  He has filed a Motion to Stay this action and hold it in abeyance until the 1507 proceedings pending in state court are concluded.  The stay and abeyance option was recognized in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), where the United States Supreme Court held that the federal

6

district court has discretion to stay a mixed petition and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Once petitioner has totally exhausted state remedies, the stay is lifted and he may proceed in federal court.

This procedure is appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court. However, the Supreme Court warned in <u>Rhines</u> that a stay and abeyance of habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Thus, the Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 277, 278.

In support of his request for stay, petitioner alleges that only five days remain in the statute of limitations period applicable to his federal habeas corpus petition. Petitioner's calculations are incorrect. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that:

7

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). Petitioner appears to have mistakenly assumed that the date on which his state conviction became "final" as that term is used in § 2244 is the date the Kansas Supreme Court affirmed in his last direct appeal, which was October 27, 2006. However, a prisoner's state conviction is not "final" until another ninety days beyond that date. This is the period during which the petitioner may file a petition for certiorari review in the United States Supreme Court[3]. Thus, petitioner's conviction did not become "final" until ninety days after October 27, 2006. Petitioner's 1507 motion was thus filed with weeks, rather than days, to spare in his one-year limitations period. The limitations period in this case appears to have been tolled ever since, by petitioner's pending 1507 proceedings.

The court finds that this is not a case where outright dismissal could jeopardize the timeliness of petitioner's collateral attack in federal court. The court further finds that petitioner has not shown good cause for failing to exhaust all available state remedies prior to filing this premature federal petition. Accordingly, the court concludes that Mr. Holmes is not

---

[3] This ninety-day time limit for filing a petition for certiorari has a tolling effect only after the direct criminal appeal. There is no similar tolling after an appeal has been denied by the state supreme court in state post-conviction proceedings. It follows that the statute of limitations will begin running again in petitioner's case upon the filing of the Kansas Supreme Court's decision on his Petition for Review in his pending 1507 proceedings.

8

entitled to a stay and abeyance of this action.

**AMENDED PETITION**

If petitioner is content to proceed in this action only upon his fully exhausted claims, he may do so. However, he must file an Amended Petition herein that contains only exhausted claims. He is forewarned that if he files such an Amended Petition, his unexhausted claims shall be dismissed and will not be reviewed in this action. Furthermore, if at a later time he attempts to file a second § 2254 petition raising his currently-unexhausted claims when they are exhausted, that petition will likely be barred as "second and successive" in accordance with 28 U.S.C. § 2244(b)(2)[4].

If Mr. Holmes would like to have all his claims reviewed in federal court, he should not file an Amended Petition in this case. Instead, he should wait until his state court remedies have been fully exhausted on all his claims, and then immediately file a new timely federal Petition. If an Amended Petition raising only exhausted claims is not filed in this case within the time allotted, this court will dismiss this action without prejudice to petitioner filing a new federal Petition in the future. If Mr. Holmes chooses this option, he is advised to continue diligently

---

[4] This subsection pertinently provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." A few limited statutory exceptions apply, such as a claim that relies on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

and fully pursuing his remedies in state court, to keep himself apprised of action taken in his ongoing state proceedings, and to timely file a new federal petition as soon as his state remedies are fully exhausted[5].

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to file an Amended Petition herein that contains only fully exhausted claims, and that if no proper Amended Petition is filed within that time, this action will be dismissed without prejudice as a "mixed petition".

**IT IS FURTHER ORDERED** that petitioner's Motion for Stay and Abeyance (Doc. 3) is denied.

**IT IS SO ORDERED**.

Dated this 4th day of September, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

[5] Petitioner has already prepared the Petition and Memorandum filed in this case, and thus should be able to easily edit and prepare a new federal petition. He may even prepare his new petition in advance, so that it may be immediately submitted for filing after exhaustion. At any time, he may obtain § 2254 forms from the Clerk without charge upon request.